UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN LENARD TAYLOR,

    Petitioner,

v.                                          Case No: 5:23-cv-5-TPB-PRL

WARDEN, FCC COLEMAN –
LOW,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a federal inmate incarcerated at the Coleman Federal Correctional Complex, initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). On July 12, 2017, in the Southern District of Florida, Petitioner entered a guilty plea to conspiracy to commit Hobbs Act robbery (count one), attempt to commit Hobbs Act robbery (count two), conspiracy to possess with intent to distribute cocaine (count three), possession of a firearm in furtherance of a drug trafficking crime (count five), and felon in possession of a firearm and ammunition (count six).[1] *United States v. Taylor*, No. 1:17-cr-20218-KMW-1 (S.D. Fla. 2017). The trial court sentenced Petitioner to concurrent 128-month terms of incarceration as

---

[1] The government dismissed count four.

to counts one, two, three, and six, followed by a consecutive 60-month term of incarceration as to count five. *Id.* Petitioner did not file a direct appeal. Petitioner later filed with the sentencing court a motion to vacate under 28 U.S.C. § 2255, which the sentencing court summarily denied on the merits in July 2020. *See Taylor v. United States*, No. 1:18-cv-20822-UU (S.D. Fla. July 8, 2020). Petitioner did not appeal the sentencing court's order. Petitioner is in BOP custody with a release date of July 13, 2030. *See* Federal Bureau of Prisons, Inmate Search, available at www.bop.gov (last visited Jan. 6, 2023).

In his Petition, Petitioner argues: (1) the sentencing court lacked Article III standing for his "hypothetical case"; (2) officers were without authority to arrest him; (3) his conviction for count five is illegal because it is a "hypothetical offense"; (4) his convictions for counts one and two are illegal because his actions did not meet all the elements of the offenses; (5) his conviction for count three violates due process; and (6) his conspiracy convictions are illegal because the government lacked the evidence to support the crimes. *See generally* Doc. 1.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is unavailable to challenge the validity of a sentence except on very narrow

grounds. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of those grounds are present here, and thus Petitioner may not proceed under § 2241. As such, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 6th day of January, 2023.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE

Jax-7

C:   John Lenard Taylor, #14585-104